UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:07-CR-60-PPS-JPK |
| ) | |
| NEVILLE WILLIAMS, ) | |
|     Defendant. ) | |

**OPINION AND ORDER**

This matter is before the Court on a probable cause and detention hearing. Defendant Neville Williams was arrested after a warrant issued on allegations that he violated the conditions of his supervised release. For the reasons set forth below, Williams was ordered detained pending a hearing on his revocation of supervised release. This Opinion and Order follows and is in addition to the reasons the Court provided orally at the hearing on this matter.[1]

On September 13, 2007, Williams pled guilty to distribution of narcotics in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 151 months incarceration with 3 years of supervised release. *See* (J. Criminal Case, ECF No. 33). Williams's supervised release term began on July 12, 2018. On October 1, 2019, a warrant was issued as to Williams, who self-surrendered on October 28, 2019. It is alleged that Williams committed 19 violations of the terms of his supervised release including the use of marijuana, failure to submit to a drug screen, failing to provide truthful answers to his probation officer's inquiries, failing to notify his probation officer within 10 days of any change of employment, and failure to participate in counseling and treatment sessions as

---

[1] At the hearing, the Court mistakenly stated that Williams committed the underlying distribution of cocaine offense while he was in a deferred prosecution agreement with Lake County. While this statement was incorrect, the Court's review of the record with this correction still requires detention.

directed by his probation officer. The Court held a probable cause and detention hearing on November 1, 2019.

Federal Rule of Criminal Procedure 32.1(a)(6) authorizes the Court to detain an individual under 18 U.S.C. § 3143(a)(1) pending further proceedings. Under this rule, the burden lies with the defendant to establish by "clear and convincing evidence that the [defendant] will not flee or pose a danger to any other person or to the community." Fed. R. Crim. P. 32.1(a)(6). Likewise, 18 U.S.C. § 3143(a)(1) commands the Court to order that an individual be detained pending sentencing unless the Court "finds by clear and convincing evidence that the individual is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c)."[2]

While 18 U.S.C. § 3143 "does not specifically prescribe the procedures to be followed . . . the clear implication of the statute is that the neighboring provisions of Sections 3142(f) . . . and 3142(g) . . . apply to Section 3143(a) as well." *United States v. DiVarco*, 602 F. Supp. 1029, 1035 (N.D. Ill. 1985). 18 U.S.C. § 3142(g) enumerates several factors to be considered when determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of any other person and the community, including:

> (1) the nature and circumstance of the offense charged, including whether the offense is a crime of violence, a violation of section 1951, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including-
>     (A) his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties,

---

[2] The text of 18 U.S.C. § 3143(a)(1) notes that this provision does not apply to individuals "for whom the applicable guideline promulgated pursuant to 28 U.S.C. § 994 does not recommend a term of imprisonment." Pursuant to the U.S. Sentencing Guidelines Manual, Defendant's alleged conduct in this instance constitutes Grade C Violations. U.S. SENTENCING GUIDELINES MANUAL § 7B1.1(a). At the hearing, counsel for the government stated that the guidelines recommend a term of 8-14 months for the violations. The government and Williams agreed that Williams bears the burden as stated above.

> past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> (B) whether, at the time of the current offense or arrest, he was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

There is some case law suggesting that the "weight of the evidence" is the least important factor listed in the statute. *Compare United States v. Hammond*, 204 F. Supp. 2d 1157 (E.D. Wisc. 2002) (noting that evidence of guilt is "the least important of the various factors" but citing only to cases in the Ninth Circuit as support for this assertion) *with United States v. Calabrese*, 436 F. Supp. 2d 925 (N.D. Ill. 2006) (finding no support for minimizing the "weight of the evidence" factor listed in 18 U.S.C. § 3142(g) in Seventh Circuit cases). Because the Seventh Circuit has not yet addressed this specific issue, and finding the reasoning in *Calabrese* persuasive, the Court will give no more or less weight to any factor enumerated in 18 U.S.C. § 3142(g) and/or any other relevant factors. 436 F. Supp. 2d at 927 n. 3 (asserting that the statute itself "does not instruct that one or another factor is less important," and further explaining that "[j]udicial dicta stating that the weight of evidence is least important is, in [the court's] view, an off-key but well-intentioned attempt to remind us of the rule that detention is not to be ordered simply because we are convinced that the accused is guilty; we are to detain only if we find that there is an unacceptable risk of flight or danger to others"); *see United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986) (discussing the weight of the evidence as one of the factors relevant to detention under 18 U.S.C. § 3142(g), but stating nothing further regarding whether this factor or any other is to be given more or less weight in a detention determination).

The Court found that Williams did not meet his burden to show that he would not flee and that he would not pose a danger to any other person or to the community. In the year 2000,

3

Williams committed the crime of battery while on probation. After Williams was convicted of that battery, his probation served as a part of the sentence for the battery was itself revoked. This is evidence that Williams may not comply with terms of release and that his non-compliance would pose a danger to another person or to the community. Further, in 2004, Williams exhibited behavior suggesting Williams did not respect the court and would not comply with its mandates.

The nature and circumstance of the offenses charged show that Williams has a drug problem, which he admitted to at the hearing. The petition shows that Williams was not abiding by the terms the Court set for him. If this were the only concern, though, there would be conditions of release that the Court could consider to mitigate this issue.

The weight of the evidence against Williams is strong. The allegations are in the petition, and they were subject to cross-examination at the hearing.

Regarding Williams's history and characteristics, the Court looks to Williams's past conduct only to the extent that it suggests a likelihood of future misconduct and danger to the community. *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986). Williams's history shows that, while he was on probation, he committed a battery, for which he was convicted. Williams has also demonstrated a willingness to disobey restrictions placed on him by the court.

The nature and seriousness of the danger is high. Williams committed a battery while on probation.

It is Williams's burden to show by clear and convincing evidence that he will not flee or pose a danger to any other person or to the community. The Court finds that he has not meet this burden for the reasons stated above. The Court acknowledges that this is a much closer call regarding Williams's risk of flight. While the bond report indicates that Williams used an alias, he did voluntarily appear after learning of the warrant for his arrest. However, the Court is concerned

with some of Williams's past failures to appear and violations of probation. In any event, the government prevails if Williams fails to meet his burden of proof as to either flight or danger to the community.

The Court hereby **REMANDS** Defendant Neville Williams to the custody of the U.S. Marshal Service pending the outcome of a hearing on the revocation of his supervised release.

So ORDERED this 4th day of November, 2019.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT